IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BETTY ROBERTS,
          Plaintiff,

v.

GARDEN STATE LIFE INSURANCE COMPANY,
          Defendant.

CV. 05-1122-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

      Before this court is plaintiff Betty Roberts' unopposed motion for summary judgment on a single breach of contract claim. Roberts is a resident of Oregon, and Garden State is a Texas corporation with its principal place of business in the state of Texas. The amount in controversy is a $250,000 life insurance policy. This court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons set forth below, this court recommends granting plaintiff's motion.

///

Page 1 - FINDINGS AND RECOMMENDATION

LEGAL STANDARD

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991).

The moving party carries the initial burden of proof. The party meets this burden by identifying portions of the record on file which demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the nonmoving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Id.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations of the adverse party's pleadings, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

FACTUAL BACKGROUND

Plaintiff Betty Roberts ("Roberts"), an Oregon citizen, brought an action for breach of contract against defendant, Garden State Life Insurance Company ("Garden State"), a Texas corporation, in Multnomah County Circuit Court on May 11, 2005. Garden State removed the case to this court on July 19, 2005, and Roberts filed her motion for summary judgment on August 1, 2006.

Roberts is the beneficiary of her late husband, Roland Roberts. On October 19, 1997, Garden State issued a life insurance policy, number 05278408, to Mr. Roberts, who paid all his

premiums in a timely manner.[1] The policy included coverage of $250,000, payable upon death to Roberts. On May 13, 2003, Roland Roberts died. Roberts provided proof of her husband's death and requested payment from Garden State pursuant to the policy, but Garden State refused to pay the death benefits on the policy. Roberts then filed her complaint for breach of contract.

## ANALYSIS

Evidence in the record shows that Roberts' policy was valid. All premiums for the policy were paid in a timely fashion. Garden State refused to pay the benefits owed to Roberts upon the death of her husband and thus breached its contract with Roberts. There is no genuine issue as to any material fact and Roberts is entitled to judgment as a matter of law in the amount of $250,000 and interest thereon.

///

///

///

///

///

///

///

///

///

///

---

[1] In its Answer, Garden State alleges that premium payments were in arrears and Mr. Roberts was required to submit a reinstatement application. Garden State alleges that Mr. Roberts made material misrepresentations and omissions in that application, but fails to support this allegation in any resistance to the pending motion.

Page 3 - FINDINGS AND RECOMMENDATION

CONCLUSION

For the foregoing reasons, this court recommends that plaintiff's motion for summary judgment (No. 13) be granted.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 10, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 25th day of September, 2006.

      /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge